UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23576-ALTMAN

**LINDA RUGGIERO**,

    *Plaintiff*,

v.

**NCL (BAHAMAS) LTD**. *d/b/a*
**NORWEGIAN CRUISE LINE**,

    *Defendant*.

_____/

## ORDER

The Plaintiff has sued NCL (Bahamas) Ltd. ("NCL"), asserting what appears to be a single count of negligence. *See* Complaint [ECF No. 1] at 3–5. Because the Complaint is plainly a shotgun pleading, we **STRIKE** it and order the Plaintiff to **REPLEAD** her cause properly.

## THE LAW

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). All shotgun pleadings share two characteristics. *See Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.). *First*, they "fail to one degree or another, and in one way or another, to give the defendants

adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). *Second*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up).

"As [the Eleventh Circuit] ha[s] stated on several occasions . . . if, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, *must* intervene sua sponte and order a repleader." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008) (emphasis added). "Discharging this duty ensures that the issues get defined at the earliest stages of litigation. The district court should strike the complaint and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Id.* at 1133 n.113 (cleaned up); *see also Magluta v. Samples*, 256 F.3d 1282, 1285 (11th Cir. 2001) (vacating an order of dismissal and instructing the district court to "enter an order striking the complaint and require a repleading of all claims in a complaint that respects the requirements of Rule 8"); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("On examining those pleadings, the court, acting *sua sponte,* should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement.").

## ANALYSIS

The Complaint is a shotgun pleading because it "fails to separate into a different count each cause of action." *Embree*, 779 F. App'x at 662. In Count I, the Plaintiff asserts—in a single paragraph alleging that RCL breached its duty of care—six different theories of negligence, including "[a]llowing a dangerous condition(s) to exist upon its vessel," "[f]ailing to maintain its vessel in a reasonably safe condition," "[f]ailing to take reasonable care for the safety of its passengers," "[f]ailing to warn

passengers," "[f]ailing to avoid, eliminate and correct the dangerous condition(s) on its vessel," and "[f]ailing to provide adequate crew to maintain the floor area[.]" Complaint ¶ 17.

But "[t]hese theories are conceptually different and require different proof." *O'Brien v. NCL (Bahamas) Ltd.*, 2016 WL 11504098, at *3 (S.D. Fla. Nov. 18, 2016) (Lenard, J.). As we've said many times, courts in our District routinely dismiss negligence claims where (as here) different theories of negligence are improperly commingled into one negligence cause of action. *See Johnson v. Carnival Corp.*, 2020 WL 128179, at *3 (S.D. Fla. Jan. 10, 2020) (Bloom, J.) ("[The] [p]laintiff's claims are not separately labeled, though the basis of her claims is negligence based upon at least three different theories—failure to maintain, failure to establish adequate policy and procedures, and failure to warn . . . . These theories should be asserted separately with supporting factual allegations . . . . On this basis alone, the [c]omplaint is due to be dismissed."); *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337 (S.D. Fla. 2012) (Moore, J.) (holding that a complaint "epitomize[d] a form of 'shotgun' pleading" because it alleged that the defendant owed a duty to provide "reasonable care" and then "proceed[ed] to allege at least twenty-one ways in which [d]efendant breached this duty"); *Mayer v. Carnival Corp.*, 2024 WL 962380, at *2 (S.D. Fla. Mar. 6, 2024) (Altman, J.) (dismissing complaint as an impermissible shotgun pleading because it "commingle[d] multiple negligence causes of action into one count," including failure to warn, failure to maintain, and failure to properly train).

Because the Plaintiff seeks to advance multiple theories of negligence, he must "separate each cause of action into a separate paragraph, and [he must] support each cause of action with specific (non-conclusory) factual allegations." *Brodowicz v. Walmart, Inc.*, 2022 WL 3681958, at *2 (S.D. Fla. June 6, 2022) (Altman, J.); *see also O'Brien*, 2016 WL 11504098, at *3 ("The amended complaint shall separate into distinct counts all claims that will require different proof, e.g., negligent design, failure to warn, failure to maintain, etc. Each count shall include the specific factual allegations supporting the claim, consistent with Rule 10(b).").

3

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Complaint [ECF No. 1] is **STRICKEN**.

2. The Plaintiff may file an amended complaint by **October 4, 2024**.

**DONE AND ORDERED** in the Southern District of Florida on September 20, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record

4