UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 24-CV-23576

LINDA RUGGIERO,
     Plaintiff,

vs.

NCL (BAHAMAS) LTD., A
BERMUDA COMPANY d/b/a
NORWEGIAN CRUISE LINE

     Defendant,
_____/

## PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LINDA RUGGIERO, by and through her undersigned counsel, and pursuant to this Court's Order of September 20, 2024 (D.E. 4) hereby files Plaintiff's Amended Complaint against Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY, and alleges and states as follows:

## THE PARTIES

1.    Plaintiff, LINDA RUGGIERO, is a resident of the State of New York.

2.    Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY (hereinafter "NCL"), is a corporation, organized and existing under and by virtue of the laws of Bermuda.  At all material times, Defendant, NCL, conducted business in Miami-Dade, County, Florida, and maintained corporate headquarters at 7655 Corporate Center Drive Miami, Florida, 33126.

3.      At all times material hereto, Defendant, NCL owned, operated, managed, designed and maintained the cruise ship Norwegian Escape, which was scheduled to set sail, and did set sail on October 01, 2023, from New York City, New York.

4.      At all times material hereto, Plaintiff, LINDA RUGGIERO, was a fare paying passenger on the cruise ship Norwegian Escape for a voyage that departed from New York City, New York, on October 01, 2023.

5.      At all times material hereto, Plaintiff, LINDA RUGGIERO, was a business invitee of Defendant, NCL, pursuant to the contractual common carrier relationship.

6.      Plaintiff, LINDA RUGGIERO, by and through the undersigned, has provided Defendant, NCL, with formal written Notice of her claim pursuant to Section 11(a) of Defendant, NCL's, "Guest Ticket Contract," and has otherwise satisfied all conditions precedent to the filing of this action.

## JURISDICTION

7.      Plaintiff re-alleges paragraphs 1-6 as if fully set forth herein

8.      Defendant is subject to the Jurisdiction of this Court pursuant to 28 USC Section 1333, 28 USC Section 1331, and by virtue of the terms and conditions of Defendant, NCL's Guest Ticket Contract, Defendant has made itself subject to the jurisdiction of this Court.

9.      This action is brought for damages in an amount in excess of $75,000.00, exclusive of attorney's fees and costs.

## COUNT I
## NEGLIGENCE AGAINST NCL

10.     Plaintiff re-alleges paragraphs 1-9 as if fully set forth herein.

11.    On or about October 03, 2023, the captain, officers, and crew of the Norwegian Escape were employees and apparent agents of Defendant, NCL.

12.    On October 03, 2023, Plaintiff, LINDA RUGGIERO, was a guest of the Thermal Spa Facility located on the Norwegian Escape.

13.    While at the spa, Plaintiff, LINDA RUGGIERO, traversed the steps of one of the facilities hot tubs when she slipped on an unreasonably slippery wet surface, causing her to violently fall to the floor.

14.    As a direct result of the subject incident, Plaintiff, LINDA RUGGIERO, sustained severe and permanent bodily injuries.

15.    On October 03, 2023, Defendant, NCL, including its agents, employees, officers, and crew owed Plaintiff a duty of reasonable care under the circumstances.

16.    At all times material, Defendant, NCL, through its agents, employees, officers, and crew was negligent by allowing a dangerous condition to exist upon its vessel. Specifically, by allowing an unreasonably slippery wet surface to exist directly in front of the egress to the hot tub at the subject spa, when it knew or should have known that said surface would be unreasonably slippery when wet, thereby causing a dangerous condition for its passengers, including Plaintiff.

17.    At all times material, Defendant, NCL, through its agents, employees, officers, and crew was negligent by failing to maintain its vessel in a reasonably safe condition. Specifically, by failing to have adequate non-skid strips or non-skid surface located directly in front of the egress to the hot tub at the subject spa, when it knew or should have known that said surface would be unreasonably slippery when wet, thereby causing a dangerous condition for its passengers, including Plaintiff.

18.    At all times material, Defendant, NCL, through its agents, employees, officers, and crew was negligent by failing to maintain its vessel in a reasonably safe condition. Specifically, by allowing its non-skid strips located on the surface directly in front of the egress to the hot tub at the subject spa to become so deteriorated and worn so as to lose their non-skid properties, when it knew or should have known that said surface would be unreasonably slippery when wet, thereby causing a dangerous condition for its passengers, including Plaintiff.

19.    At all times material, Defendant, NCL, through its agents, employees, officers, and crew was negligent by failing to maintain its vessel in a reasonably safe condition. Specifically, by allowing missing sections of non-skid strips located on the surface directly in front of the egress to the hot tub at the subject spa to remain unrepaired or replaced, when it knew or should have known that said surface would be unreasonably slippery when wet, thereby causing a dangerous condition for its passengers, including Plaintiff.

20.    At all times material, Defendant, NCL, through its agents, employees, officers, and crew was negligent by failing to maintain its vessel in a reasonably safe condition. Specifically, by utilizing a slippery black tile surface as the surface used for ingress and egress to the hot tub at the subject spa, when it knew or should have known that said surface would be unreasonably slippery when wet, thereby causing a dangerous condition for its passengers, including Plaintiff.

21.    At all times material, Defendant, NCL, through its agents, employees, officers, and crew was negligent by failing to warn passengers, including the Plaintiff, of the unreasonably slippery surface located directly in front of the egress to the hot tub at the subject spa

when it knew or should have known that said surface would be wet and unreasonably slippery when wet.

22.   At all times material, Defendant, NCL, through its agents, employees, officers, and crew were negligent through other acts of negligence which have yet to be discovered.

23.   At all times material, Defendant had actual notice of the above risk plead risk creating condition(s), in the following ways, (1) Defendant, NCL at some point prior to the fall attempted to place a corrective measure to preventing slips in this very area by placing non-slip strips at the point of ingress and egress into the subject shot tub/spa; (2) Visual inspection of the subject area at any point in the years prior to Plaintiff fall, and common sense, would place the crew on notice that said area would constantly be wet from passengers going in and out of, or overspill from the hot tub/spa; (3) the non-slip strips in the area of ingress and egress to the hot tub/spa were in such a state of disrepair, missing large sections of non-skid strip, and worn to such an extent that the condition was present for a duration of time that the ship's crew would have and should have noticed and corrected the dangerous condition; (4) It is believed that discovery will evidence other prior similar falls in the subject area, thereby likewise placing it on notice of the danger.

24.   Additionally, Plaintiff alleges that the Defendant, NCL created or contributed to the unreasonably dangerous condition by selecting, placing and/or allowing to remain in place in the area of ingress and egress to the hot tub/spa a slick black tile that was/is both unreasonably slippery when wet and whose dark, shiny color and texture obscures areas of wetness.

25.   The unreasonably dangerous, slippery surface created a foreseeable zone of risk posing a general threat of harm to Plaintiff.

26.     As a direct and proximate result of the negligence of NCL, Plaintiff, LINDA
RUGGIERO, suffered serious bodily injury and resulting pain and suffering, disability,
disfigurement, mental anguish, loss of capacity for enjoyment of life, expenses of
hospitalization, medical and nursing care and treatment. The losses are either permanent
or continuing, and Plaintiff, LINDA RUGGIERO, will suffer the losses in the future.

WHEREFORE, Plaintiff, LINDA RUGGIERO, demands damages against Defendant,
NCL, in excess of the Jurisdictional limits of this Court and for any other relief this
Courts deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by Jury on all issues so triable.

Dated September 30, 2024.

THE ROUSSO, BOUMEL LAW FIRM, PLLC.
9350 South Dixie Highway, Suite 1520
Miami, Florida 33156
(305) 670-6669

By:     _/s/ **Darren J. Rousso, Esq.**_
Darren J. Rousso, Esq.
Florida Bar No.: 97410
Darren@roussolawfirm.com
Gen@roussolawfirm.com