UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 24-CV-23576

LINDA RUGGIERO,
    Plaintiff,

vs.

NCL (BAHAMAS) LTD., A
BERMUDA COMPANY d/b/a
NORWEGIAN CRUISE LINE

    Defendant,
_____/

## PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LINDA RUGGIERO, by and through her undersigned counsel, and pursuant to this Court's Order of October 4, 2024 (D.E. 6) hereby files Plaintiff's Second Amended Complaint against Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY, and alleges and states as follows:

### THE PARTIES

1. Plaintiff, LINDA RUGGIERO, is a resident of the State of New York.

2. Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY (hereinafter "NCL"), is a corporation, organized and existing under and by virtue of the laws of Bermuda. At all material times, Defendant, NCL, conducted business in Miami-Dade, County, Florida, and maintained corporate headquarters at 7655 Corporate Center Drive Miami, Florida, 33126.

3. At all times material hereto, Defendant, NCL owned, operated, managed, designed and maintained the cruise ship Norwegian Escape, which was scheduled to set sail, and did set sail on October 01, 2023, from New York City, New York.

4. At all times material hereto, Plaintiff, LINDA RUGGIERO, was a fare paying passenger on the cruise ship Norwegian Escape for a voyage that departed from New York City, New York, on October 01, 2023.

5. At all times material hereto, Plaintiff, LINDA RUGGIERO, was a business invitee of Defendant, NCL, pursuant to the contractual common carrier relationship.

6. Plaintiff, LINDA RUGGIERO, by and through the undersigned, has provided Defendant, NCL, with formal written Notice of her claim pursuant to Section 11(a) of Defendant, NCL's, "Guest Ticket Contract," and has otherwise satisfied all conditions precedent to the filing of this action.

## **JURISDICTION**

7. Plaintiff re-alleges paragraphs 1-6 as if fully set forth herein.

8. Defendant is subject to the Jurisdiction of this Court pursuant to 28 USC Section 1333, 28 USC Section 1331, and by virtue of the terms and conditions of Defendant, NCL's Guest Ticket Contract, Defendant has made itself subject to the jurisdiction of this Court.

9. This action is brought for damages in an amount in excess of $75,000.00, exclusive of attorney's fees and costs.

## COUNT I:
## NEGLIGENCE FOR FAILURE TO MAINTAIN

10. At all times material hereto, Defendant, NCL owned, operated, managed, designed and maintained the cruise ship Norwegian Escape, which was scheduled to set sail, and did set sail on October 01, 2023, from New York City, New York.

11. At all times material hereto, Plaintiff, LINDA RUGGIERO, was a fare paying passenger on the cruise ship Norwegian Escape for a voyage that departed from New York City, New York, on October 01, 2023.

12. At all times material hereto, Plaintiff, LINDA RUGGIERO, was a business invitee of Defendant, NCL, pursuant to the contractual common carrier relationship.

13. On or about October 03, 2023, the captain, officers, and crew of the Norwegian Escape were employees and apparent agents of Defendant, NCL.

14. On October 03, 2023, Plaintiff, LINDA RUGGIERO, was a guest of the Thermal Spa Facility located on the Norwegian Escape.

15. While at the Thermal Spa, Plaintiff, LINDA RUGGIERO, traversed the steps of one of the facilities hot tubs/spas when she slipped on an unreasonably slippery wet tile surface, which at the location of her fall, was missing pieces of anti-slip strips, and had pieces of anti-slip strips that were so worn that they had lost their anti-slip properties, thereby causing Plaintiff to slip and fall violently fall to the floor.

16. On October 03, 2023, Defendant, NCL, including its agents, employees, officers, and crew owed Plaintiff a duty of reasonable care under the circumstances.

17. At all times material, Defendant, NCL, through its agents, employees, officers, and crew was negligent by failing to maintain its vessel in a reasonably safe condition. Specifically, by allowing an unreasonably slippery wet tile surface to exist directly in

front of the means of egress/ingress of the subject hot tub/spa, when it knew or should have known that said surface would be unreasonably slippery when wet, thereby causing a dangerous condition for its passengers, including Plaintiff.

18. At all times material, Defendant, NCL, through its agents, employees, officers, and crew was negligent by failing to maintain its vessel in a reasonably safe condition. Specifically, by allowing the anti-skid strips located on the otherwise slippery tile surface directly in front of the means of egress/ingress to the subject hot tub to become so deteriorated and worn so as to lose their anti-skid properties, when it knew or should have known that said surface would be unreasonably slippery when wet, thereby causing a dangerous condition for its passengers, including Plaintiff.

19. At all times material, Defendant, NCL, through its agents, employees, officers, and crew was negligent by failing to maintain its vessel in a reasonably safe condition. Specifically, by allowing missing sections of anti-skid strips located on the otherwise slippery tile surface directly in front of the means of ingress/egress of the subject hot tub/spa remain unrepaired or replaced, when it knew or should have known that said surface would be unreasonably slippery when wet, thereby causing a dangerous condition for its passengers, including Plaintiff.

20. At all times material, Defendant, NCL had actual notice of the risk of slips and falls on the slippery when wet, shiny, black tile bordering the subject hot tub/spa, and the risk of slips and falls due to excessively worn and/or missing anti-slip strips in that area, or if Defendant NCL lacked such actual knowledge, the dangerous condition existed for such a length of time, that in the exercise of ordinary care, Defendant should have known of it, or alternatively the condition occurred with such regularity and was therefore foreseeable,

      in that, (1) Defendant, NCL, prior to Plaintiff's fall, implemented a measure to prevent slips in this very area by placing anti-slip strips at the point of ingress/egress of subject shot hot tub/spa; (2) visual inspection of the subject area, prior to Plaintiff fall, would have place the crew on notice that said area would constantly be wet from passengers going in and out of, or overspill from the hot tub/spa; (3) the non-slip strips in the area of ingress and egress to the hot tub/spa were in such a state of disrepair, were missing large sections of non-skid strip, and were worn to such an extent that the condition had clearly been present for a duration of time that the ship's crew would have and should have noticed and corrected the dangerous condition; (4) It is believed that discovery will evidence other prior similar falls in the subject area, thereby likewise placing it on notice of the danger.

21. As a direct and proximate result of the negligence of NCL, Plaintiff, LINDA RUGGIERO, suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expenses of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing, and Plaintiff, LINDA RUGGIERO, will suffer the losses in the future.

WHEREFORE, Plaintiff, LINDA RUGGIERO, demands damages against Defendant, NCL, in excess of the Jurisdictional limits of this Court and for any other relief this Courts deems just and proper.

## COUNT II:
## NEGLIGENT FAILURE TO WARN

22. At all times material hereto, Defendant, NCL owned, operated, managed, designed and maintained the cruise ship Norwegian Escape, which was scheduled to set sail, and did set sail on October 01, 2023, from New York City, New York.

23. At all times material hereto, Plaintiff, LINDA RUGGIERO, was a fare paying passenger on the cruise ship Norwegian Escape for a voyage that departed from New York City, New York, on October 01, 2023.

24. At all times material hereto, Plaintiff, LINDA RUGGIERO, was a business invitee of Defendant, NCL, pursuant to the contractual common carrier relationship.

25. On or about October 03, 2023, the captain, officers, and crew of the Norwegian Escape were employees and apparent agents of Defendant, NCL.

26. On October 03, 2023, Plaintiff, LINDA RUGGIERO, was a guest of the Thermal Spa Facility located on the Norwegian Escape.

27. While at the Thermal Spa, Plaintiff, LINDA RUGGIERO, traversed the steps of one of the facilities hot tubs/spas when she slipped on an unreasonably slippery wet tile surface, which at the location of her fall, was missing pieces of anti-slip strip, and had pieces of anti-slip strips that were so worn that they had lost their anti-slip properties, thereby causing Plaintiff to slip and fall violently fall to the floor.

28. At all material times, Defendant owed Plaintiff, LINDA RUGGIERO a duty to warn Plaintiff of the unreasonably dangerous condition of a slippery, wet surface, particularly given the excessively worn and missing pieces of the anti-skid strips in the subject area.

29. At all times material, Defendant, NCL, through its agents, employees, officers, and crew was negligent by failing to warn passengers, including the Plaintiff, of the unreasonably

    slippery surface located directly in front of the means of ingress/egress of the subject hot tub/spa, through placement of warning signs or personal, including a life guard ,whose job it was to warn passengers of dangerous potentially conditions in and around a pool or spa, when it knew or should have known that said tile surface would be wet and unreasonably slippery when wet, particularly given the excessively worn and missing pieces of the anti-skid strips in the subject area.

30. At all times material, Defendant, NCL had actual notice of the risk of slips and falls on the slippery when wet, shiny, black tile bordering the subject hot tub/spa, and the risk of slips and falls due to excessively worn and/or missing anti-slip strips in that area, or if Defendant NCL lacked such actual knowledge, the dangerous condition existed for such a length of time, that in the exercise of ordinary care, Defendant should have known of it, or alternatively the condition occurred with such regularity and was therefore foreseeable, in that, (1) Defendant, NCL, prior to Plaintiff's fall implemented a measure to prevent slips in this very area by placing anti-slip strips at the point of ingress/egress of the subject shot tub/spa; (2) visual inspection of the subject area, prior to Plaintiff fall, would have placed the crew on notice that said area would constantly be wet from passengers going in and out of, or overspill from the hot tub/spa; (3) the non-slip strips in the area of ingress/ egress to the hot tub/spa were in such a state of disrepair, were missing sections of anti-slip strip, and were worn to such an extent that the condition had clearly been present for a duration of time that the ship's crew would have and should have noticed and corrected the dangerous condition; (4) Defendant created the dangerous condition; and (5) It is believed that discovery will evidence other prior similar falls in the subject area, thereby likewise placing it on notice of the danger.

31. The unreasonably dangerous, slippery surface created a foreseeable zone of risk posing a general threat of harm to Plaintiff.

32. Because the subject tile was black and shiny, and because the non-skid strips were also black in color, as well as worn and partially missing, the wetness of the tile, and the worn and missing anti-slip strips would not have been readily apparent to someone who could be injured, such as Plaintiff.

33. As a direct and proximate result of the negligence of NCL, Plaintiff, LINDA RUGGIERO, suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expenses of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing, and Plaintiff, LINDA RUGGIERO, will suffer the losses in the future.

WHEREFORE, Plaintiff, LINDA RUGGIERO, demands damages against Defendant, NCL, in excess of the Jurisdictional limits of this Court and for any other relief this Courts deems just and proper.

## COUNT III:
## NEGLIGENT DESIGN

34. At all times material hereto, Defendant, NCL owned, operated, managed, designed, and maintained the cruise ship Norwegian Escape, which was scheduled to set sail, and did set sail on October 01, 2023, from New York City, New York.

35. At all times material hereto, Plaintiff, LINDA RUGGIERO, was a fare paying passenger on the cruise ship Norwegian Escape for a voyage that departed from New York City, New York, on October 01, 2023.

36. At all times material hereto, Plaintiff, LINDA RUGGIERO, was a business invitee of Defendant, NCL, pursuant to the contractual common carrier relationship.

37. On or about October 03, 2023, the captain, officers, and crew of the Norwegian Escape were employees and apparent agents of Defendant, NCL.

38. On October 03, 2023, Plaintiff, LINDA RUGGIERO, was a guest of the Thermal Spa Facility located on the Norwegian Escape.

39. While at the Thermal Spa, Plaintiff, LINDA RUGGIERO, traversed the steps of one of the facilities hot tubs/spas when she slipped on an unreasonably slippery wet surface, which at the location of her fall consisted of wet, black, shinny, slippery tile not intended for use as coping or border around a pool or hot tub, particularly in the area used for ingress and ingress into and out of the hot tub.

40. Defendant, NCL was negligent by approving, designing, constructing, and choosing the materials used on the NCL Escape, including specifically the subject unreasonably dangerous and slippery tile flooring in the area of the subject hot tub/spa, and the use of anti-slip strips in lieu of appropriate non-slip flooring, under the circumstances.

41. At all material times, Defendant, NCL had ultimate control over the design and construction of the NCL Escape.

42. Defendant, NCL has all of its ships, including the Escape, custom made to its own designs and specifications.

43. Defendant, NCL participated in and/or approved of the design of, and materials used in the subject area, including the subject flooring.

44. Defendant, NCL participated in and/or approved in the installation of the materials for the subject area, including the flooring and anti-slip stripping.

45. Defendant, NCL choose to install the same or similar flooring around the hot tubs/spas located in its spas throughout its same class of ship.

46. Defendant NCL. Had the right to inspect both the designs on paper, and the designs and construction at the yard.

47. Defendant, NCL had the right under its contract with the yard to approve or reject the design, construction and selection of all materials used in all aspects of the construction of the NCL Escape, including the tile floors used in the subject area of Plaintiff's fall.

48. Defendant, NCL custom made its own design and specifications for the NCL Escape, including the subject tile and anti-slip strips, it participated in and/or approved the design, materials for, and instillation of the subject unreasonably dangerous and slippery tile flooring in the area of the subject hot tub/spa, and the improper use of anti-slip strips in lieu of appropriate non-slip flooring, under the circumstances.

49. At all times material, Defendant, NCL had actual notice of the risk of slips and falls on the slippery when wet, shiny, black tile bordering the subject hot tub/spa, and the risk of slips and falls due to excessively worn and/or missing anti-slip strips in that area, or if Defendant, NCL lacked such actual knowledge, the dangerous condition existed for such a length of time, that in the exercise of ordinary care, Defendant should have known of it in that it, (1) had the ability to review the manufacturers specifications and intended use of the subject tile prior to approval and installation; (2) the right and ability to test the slip-coefficient of the subject tile under their intended wet condition prior to approving the use and installation of said tile around the subject, and other similar hot tubs/spas on its ships, (3) has extensive experience in the cruise ship industry so as to be aware that the subject shiny, black, slippery when wet tiles were not proper for use as a border for, and means of ingress/ingress to a pool, spa or hot tub; (4) Made provisions, albeit inadequate,

to counter the slippery when wet nature of the subject tiles by installing anti-skid strips at the point of ingress/egress.

50. As a direct and proximate result of the negligence of NCL, Plaintiff, LINDA RUGGIERO, suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expenses of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing, and Plaintiff, LINDA RUGGIERO, will suffer the losses in the future.

WHEREFORE, Plaintiff, LINDA RUGGIERO, demands damages against Defendant, NCL, in excess of the Jurisdictional limits of this Court and for any other relief this Courts deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by Jury on all issues so triable.

Dated October 7, 2024.

                                              THE ROUSSO, BOUMEL LAW FIRM, PLLC.
                                              9350 South Dixie Highway, Suite 1520
                                              Miami, Florida 33156
                                              (305) 670-6669

By:    **/s/ *Darren J. Rousso, Esq.***
           Darren J. Rousso, Esq.
           Florida Bar No.: 97410
           Darren@roussolawfirm.com
           Gen@roussolawfirm.com