UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23576-Altman/Lett

LINDA RUGGIERO,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.

_____/

## ORDER REGARDING JOINT MOTION FOR RULING ON DEFENDANT'S DISCOVERY OBJECTIONS

**THIS CAUSE** is before the Court on the parties' Joint Motion for Ruling on Defendant's Discovery Objections (the "Motion") [ECF No. 30]. The Honorable Roy K. Altman has referred all discovery and pretrial non-dispositive motions in this case to me for disposition. Having reviewed the Motion and considered the applicable case law, the Motion is **GRANTED** as further detailed below.

## BACKGROUND

This is a personal injury slip and fall case where Plaintiff seeks to recover damages for injuries sustained while aboard the Norwegian Escape. *See generally* Second Am. Compl. Plaintiff contends that on October 3, 2023, she was a guest at the Thermal Spa Facility located on the Norwegian Escape. *See id.* ¶ 14. While at the Thermal Spa Facility, Plaintiff allegedly slipped and fell as a result of the hot tub/spa steps being unreasonably slippery. *Id.* ¶ 27.

Plaintiff requests an order compelling Defendant to produce CCTV footage of the alleged incident before Plaintiff's deposition. Plaintiff insists that Defendant's refusal to produce the footage is a "calculated litigation strategy designed to place Plaintiff as a severe disadvantage." Mot. at 2. Defendant argues that Plaintiff's recollection of the slip and fall is inconsistent with the allegations contained in the Second Amended Complaint, and therefore, Defendant "should not be required to prove what happened before Plaintiff provides testimony of her version of the events." Mot. at 5.

The parties also raise an issue concerning the scope of Plaintiff's request for "prior similar incidents" information. Mot. at 5. Defendant contends that the area at issue and the documents to be search and produced are neither clearly nor narrowly defined.

## DISCUSSION

### I. CCTV Footage

Federal Rule of Civil Procedure 26(d) grants the Court broad discretion to decide the timing and sequence of discovery. *See* Fed. R. Civ. P. 26(d). "Federal courts have not always agreed about whether a party may withhold production of surveillance video until after the injured party's deposition." *Huskey v. CFJ Prop.*, No. 24-cv-14297, 2025 WL 689171, at *1 (S.D. Fla. Mar. 4, 2025). Indeed, the parties have identified a split in the decisions in this District, with Plaintiff citing several cases supporting pre-deposition production of surveillance footage. *See, e.g., Holbourn v. NCL (Bahamas) Ltd.,* 305 F.R.D. 685, 687 (S. D. Fla. 2015) (ordering production of video evidence prior to Plaintiff's deposition); *see also Muzaffarr v. Ross Dress for*

*Less, Inc.*, 941 F. Supp. 2d 1373 (S.D. Fla. 2013) (ordering production of video evidence prior to Plaintiff's deposition where "the primary evidentiary value . . . is as proof of the underlying facts surrounding the incident"). Conversely, other courts have required plaintiffs to sit for deposition before video production where there is a discrepancy in Plaintiff's recollection of the underlying facts. *See Brown v. NCL (Bah.), Ltd.*, No. 15-21732, 2015 WL 6673700 (S.D. Fla. 2015) (requiring that plaintiff first sit for deposition where there were multiple versions of the incident in plaintiff's written statement, complaint, and interrogatory responses); *see also Starcevich v. Carnival Corp.*, No. 23-21313-civ, 2023 WL 5496749 (S.D. Fla. Aug. 24, 2023) (noting an apparent inconsistency and ordering plaintiff to sit for deposition without first being refreshed by the video footage).

"The respondent [to a motion to compel] bears the [initial] burden of establishing a lack of relevance or some other basis for resisting production [or responding to an interrogatory]." *Terraform Labs Pte. Ltd. v. Citadel Sec., LLC*, No. 1:23-CV-01346-JSR, 2023 WL 8679668, at *4 (S.D. Fla. Nov. 17, 2023); *see also Graham v. Casey's Gen. Stores,* 206 F.R.D. 251, 253 (S.D. Ind. 2002*)* ("The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant."). Only "[a]fter a properly stated objection is presented, the proponent of a motion to compel seeking to overrule the objection must prove the relevance of the requested discovery." *Terraform Labs Pte. Ltd.*, 2023 WL 8679668, at *4.

Defendant represents that there are inconsistencies between Plaintiff's allegations and what is depicted on the CCTV of the incident. Mot. at 4. Plaintiff does not rebut Defendant's assertion that an inconsistency exists; but instead focuses on what courts have found to be the "primary evidentiary value" over the secondary impeachment value. But Plaintiff has not argued how the video's evidentiary value will be diminished if the video is produced post-deposition. On the other hand, Defendant proffered that Defendant would be prejudiced if required to produce the video evidence pre-deposition as it would be difficult to evaluate Plaintiff's credibility. Mot. at 4. The Court finds Defendant's argument and the reasoning in *Brown* and *Starcevich* persuasive where there may exist potential impeachment value of having an unrefreshed, sworn statement of events by Plaintiff. The Court also finds that the evidentiary value of the CCTV footage will be maintained even if produced immediately after Plaintiff's deposition.

## II. Substantially Similar Incidents

The Federal Rules of Civil Procedure allows for broad discovery and defines the scope of discovery as including "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). Therefore, Plaintiff is entitled to discover evidence of prior similar incidents. Based on the Court's review of the Motion, the parties appear to agree that Plaintiff is entitled to information regarding similar reported injuries/incidents, namely slip and falls around the area of the spas/hot tubs located at the NCL Escape's Thermal Spa, for the three years leading up to Plaintiff's alleged incident.

Based on the foregoing considerations, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff shall sit for her deposition before Defendant is required to produce the CCTV footage at issue;

2. Immediately following Plaintiff's deposition, Defendant shall produce to Plaintiff a copy of the requested CCTV footage. If Defendant has not noticed Plaintiff's deposition, it shall do so forthwith, unless otherwise agreed by the parties; and

3. Defendant shall produce information and documents responsive to Plaintiff's Request for Production #19 as specified in this order within fourteen (14) days unless otherwise agreed by the parties.

**DONE and ORDERED** in Chambers in Miami, Florida on this 7th day of May, 2025.

_Enjoliqué A. Lett_

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record